**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-cr-59 |
| | ) | |
| Tyler Mark Haugen, | ) | **ORDER MODIFYING TERMS AND** |
| | ) | **CONDITIONS OF SUPERVISED RELEASE** |
| Defendant. | ) | |

Before the Court is a petition for revocation of the defendant's supervised release. The petition alleges the defendant violated the terms and conditions of his supervised release by (1) leaving a residential re-entry facility without permission, (2) failing to complete a chemical dependency valuation, and (3) failure to complete a mental health evaluation.

A hearing was held on May 13, 2010, at which the defendant admitted to violation number one. Violations number two and three were dismissed. Rather than revoke the defendant's supervised release the Court ordered some additional conditions of supervised release.

Accordingly, the defendant's supervised release is modified as follows:

1. The defendant shall participate in the home confinement program and abide by all requirements of the program for a period of 3 months. The home confinement program will include electronic monitoring. The defendant shall review and sign a Home Confinement Program Agreement provided by the probation office and follow the procedures specified by the probation officer. The defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, and other activities pre approved by the supervising probation officer. The defendant is responsible for the costs of home/electronic monitoring which is $3.18 per day. In addition the defendant shall not frequent any establishment which serves alcoholic beverages during his period of home confinement.

2. The defendant will be required to participate in and successfully complete a chemical dependency program for alcohol and drug use as approved by the supervising probation officer.

3. The defendant will be required to enroll in and cooperatively participate in an appropriate mental health assessment program which provides psychotherapy, preferably with an emphasis on personality disorders, as approved by the supervising probation officer.

4. The defendant shall not enter establishments whose primary business is the sale of alcoholic beverages.

All previously imposed terms and conditions remain in place.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court